Filed 6/28/22 Serdy v. Alnasser CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| SHAY SERDY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SUMAYYAH IBRAHIM ALNASSER et al.,<br><br>    Defendants and Appellants. | 2d Civil No. B314924<br>(Super. Ct. No. 56-2020-00545893-CU-PO-VTA)<br>(Ventura County) |

Sumayyah Ibrahim Alnasser and Sumaya369, LLC (collectively, Appellants), appeal from the trial court's order denying their motion to strike Shay Serdy's complaint as a strategic lawsuit against public participation (SLAPP). (Code Civ. Proc.,[1] § 425.16.) Appellants contend Serdy failed to show a reasonable probability of prevailing on the merits of the malicious prosecution claim in her complaint. Alternatively, they contend that even if Serdy made the required showing, their reliance on

---

[1] Unlabeled statutory references are to the Code of Civil Procedure.

the advice of counsel provides them with a complete defense to malicious prosecution.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

Alnasser formed Sumaya369 in 2016.  She hired Serdy as an independent contractor to register and maintain Sumaya369's website.  Alnasser and Serdy worked closely over the next three years, eventually growing Sumaya369 into a business with more than $7 million in annual revenue.

Alnasser and Serdy's relationship began to deteriorate in late 2019.  The two disagreed about Sumaya369 funds and the compensation due to Serdy.  There were also disagreements about the Sumaya369 website and whether Serdy changed passwords associated with it.  Their disagreements came to a head in March 2020 when Alnasser fired Serdy.

After her firing, Serdy sued Appellants in state court to enforce the contract.  Alnasser then sued Serdy in federal court, asserting claims for computer fraud, trade secrets violations, racketeering, copyright violations, and conversion.  In the weeks that followed she filed copyright and trademark applications.  She later amended her complaint to add claims for statutory and common law trademark infringement.  She also added Sumaya369 as a plaintiff in the action.

Appellants moved for a preliminary injunction in federal court on their computer fraud, copyright, and trademark claims.  The district court denied the motion.  It concluded that Appellants were unlikely to succeed on their fraud claim because they failed to show that Serdy was not authorized to access the Sumaya369 website and passwords and because they failed to show that she changed any passwords.  Appellants were unlikely to succeed on their copyright claim because there was "no

evidence showing that they have a valid registered copyright." They were unlikely to succeed on their trademark claims because they submitted no evidence that they owned the claimed trademarks or that Serdy was using the Sumaya369 website to sell Appellants' courses.

After the court denied injunctive relief, the parties stipulated to the dismissal of Appellants' copyright claim and one of the trademark claims. Appellants later retained new counsel and voluntarily dismissed their remaining claims so they could litigate them in a single forum.[2]

Serdy sued for malicious prosecution. Appellants moved to strike Serdy's complaint as a SLAPP, but the trial court denied the motion. Though Appellants' filing of their federal complaint was protected activity, Serdy showed a probability of prevailing on the merits of her malicious prosecution action: Voluntary dismissal is generally viewed as a favorable termination on the merits. Appellants lacked probable cause to file their copyright claim because they submitted their copyright application *after* filing their federal complaint. A lack of probable cause can give

---

[2] In their opening brief, Appellants asserted, without citation to the record, that two weeks earlier they had filed cross-complaints to the contract action Serdy filed in state court. Because they failed to properly cite the record, it was unclear which, if any, of the claims included in those cross-complaints were identical to those dismissed in Appellants' federal action. With their reply brief, Appellants requested that we take judicial notice of the cross-complaints. We grant the request (Cal. Rules of Court, rule 8.252(a)(2); see Evid. Code, §§ 452, subd. (d), 459, subd. (a)), but note that the only claim common to Appellants' federal action and their state cross-complaints is one for common law trademark infringement.

3

rise to an inference of malice. (See *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 292 (*Soukup*).) And though Appellants claimed that they relied on the advice of counsel when filing their federal action, they also admitted that they knew their copyright application was filed after their lawsuit, giving rise to the inference that they knew they had no basis for that claim.

## DISCUSSION

### The anti-SLAPP statute

We apply a two-prong inquiry to determine whether the trial court properly denied Appellants' anti-SLAPP motion. (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*).) Under the first prong, we determine whether Appellants showed that Serdy's malicious prosecution claim arose "from any act . . . in furtherance of [their] right of petition or free speech." (§ 425.16, subd. (b)(1).) Under the second, we determine whether Serdy established a probability of prevailing on the merits of her action. (*Ibid.*) Here, Appellants concede that Serdy's malicious prosecution action arose from protected activity. (See, e.g., *Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 734-735.) We accordingly focus on whether Serdy has shown a probability of prevailing.

Our review is de novo. (*Baral, supra*, 1 Cal.5th at p. 384.) When undertaking that review, we do "not weigh evidence or resolve conflicting factual claims." (*Ibid.*) Instead, we limit our inquiry "to whether [Serdy] has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment." (*Id.* at pp. 384-385.) We "accept[] [her] evidence as true, and evaluate[] [Appellants'] showing only to determine if it defeats [Serdy's] claim as a matter of law." (*Id.*

4

at p. 385.) "'[C]laims with the requisite minimal merit may proceed.' [Citation.]" (*Ibid.*)

### *Malicious prosecution*

To succeed in her malicious prosecution action, Serdy must show: (1) Appellants' federal action terminated in her favor, (2) Appellants brought that action without probable cause, and (3) Appellants initiated their action with malice. (*Soukup, supra,* 39 Cal.4th at p. 292.) Appellants contend the trial court should have granted their anti-SLAPP motion because Serdy failed to show all three of these elements. We disagree.

### *1. Favorable termination*

Malicious prosecution's favorable termination element requires two distinct showings: "termination of the entire action, and termination on the merits, reflecting innocence of the underlying defendants." (*Citizens of Humanity, LLC v. Ramirez* (2021) 63 Cal.App.5th 117, 128 (*Citizens of Humanity*).) Here, there is no question that Serdy made the former showing: Appellants' entire federal action was terminated when they stipulated to the dismissal of their copyright and trademark claims and then voluntarily dismissed their remaining claims. As to the latter showing, "'[a] voluntary dismissal is [generally] presumed to be a favorable termination on the merits.'" (*Oviedo v. Windsor Twelve Properties, LLC* (2012) 212 Cal.App.4th 97, 112 (*Oviedo*).) "'This is because "'a dismissal for failure to prosecute . . . reflect[s] on the merits of the action.'"'" (*Ibid.*, alterations omitted.) "'"'[O]ne does not simply abandon a meritorious action once instituted.'" [Citation.]' [Citation.]" (*Ibid.*)

Appellants have not overcome the presumption that their federal action terminated in Serdy's favor. "When termination is

5

other than by a judgment on the merits, the court examines the record to see if the disposition reflects the opinion of the court or the prosecuting party that the action would not succeed, and if there is a dispute as to the circumstances of the termination[] the determination of the reasons underlying the dismissal is a question of fact" to be decided by a jury. (*Olivares v. Pineda* (2019) 40 Cal.App.5th 343, 354 (*Olivares*).)

Here, the federal district court considered the merits of four of the claims in Appellants' complaint when it denied their request for injunctive relief, determining that those claims lacked evidentiary support. That is a showing that these claims terminated in Serdy's favor. And while neither the district court nor the court below opined on the merits of the remaining claims, Appellants' only stated reason for dismissing those was so they could be filed in state court. But the only claim included in both Appellants' federal action and their state cross-complaints was one for common law trademark infringement—a claim the district court determined lacked evidentiary support. There is thus a factual dispute as to the reasons for Appellants' dismissal of their remaining federal claims. "As a result, [Serdy] has made a prima facie showing of a favorable termination of the [federal] action in her favor." (*Oviedo*, *supra*, 212 Cal.App.4th at p. 113; see also *Olivares*, *supra*, 40 Cal.App.5th at p. 354 [anti-SLAPP motion to strike malicious prosecution claim denied where there were factual disputes as to why underlying action was dismissed].)

*Drummond v. Desmarais* (2009) 176 Cal.App.4th 439, on which Appellants rely, does not hold otherwise. In *Drummond*, the defendant dismissed the claims he had filed in one forum because he was "required . . . to bring [them] in the court where

6

plaintiffs' claims against him were already pending." (*Id.* at p. 450.) The voluntary dismissal of his claims was thus not a termination of the action in the plaintiffs' favor; it was "a 'technical' disposition rather than one 'on the merits.'" (*Ibid.*)

Here, in contrast, while Appellants assert that they dismissed their federal action so they could pursue those claims in cross-complaints to Serdy's state action, they did not actually include all of the dismissed federal claims in the state cross-complaints. Nor have they shown that the compulsory cross-complaint rule at issue in *Drummond*, *supra*, 176 Cal.App.4th 439 required these claims to be pursued in the forum where Serdy's action was already pending. We thus cannot conclude that the dismissal of their action was a technical disposition rather than one on the merits. Serdy has carried her burden of showing that the entirety of Appellants' federal action terminated in her favor.

### 2. *Probable cause and malice*

Where, as here, "'the defendant in the underlying action prevails on *all* of the plaintiff's claims,'" they can pursue a malicious prosecution action if any one of those claims lacked probable cause and was initiated with malice. (*Citizens of Humanity*, *supra*, 63 Cal.App.5th at p. 128.) Whether a claim lacked probable cause presents an objective inquiry (*Soukup*, *supra*, 39 Cal.4th at p. 292) into "whether any reasonable attorney would have thought the claim tenable" (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 886). A reasonable attorney would not have thought a claim tenable if the plaintiff either relied on assertions not believed to be true or sought recovery on a theory without a legal basis. (*Soukup*, at p. 292.)

7

Serdy has shown that Appellants' copyright claim lacked probable cause and was initiated with malice. For a copyright claim to lie, the plaintiff must have a validly registered copyright.[3] (*Fourth Estate Public Benefit Corporation v. Wall-Street.com, LLC* (2019) __ U.S. __, __ [139 S.Ct. 881, 886].) There is no evidence that Appellants had a registered copyright when they filed their federal action against Serdy—indeed, there is no evidence that any of Appellants' works are copyrighted today. A reasonably competent attorney would not have filed a copyright claim without proof of an essential element. (*Soukup*, *supra*, 39 Cal.4th at p. 292 ["'it cannot be adjudged reasonable to prosecute'" a claim lacking evidence].) And from this lack of proof it may be inferred that the claim was initiated with malice. (*Ibid.*) Serdy has therefore shown that her malicious prosecution action has the requisite minimal merit to be presented to a jury.

*Reliance on the advice of counsel*

Appellants alternatively contend that even if Serdy showed a probability of prevailing in her malicious prosecution action, their reliance on the advice of counsel provides them with a complete defense. (See *Bisno v. Douglas Emmett Realty Fund 1988* (2009) 174 Cal.App.4th 1534, 1544.) To support this defense they rely on a single, self-serving statement in Alnasser's declaration that, *at the time the federal action was filed*, she provided all relevant information to her attorney and relied on him to protect her rights. But at that time Alnasser knew that

---

[3] Because it was not the basis for their federal copyright claim, we do not consider Appellants' argument that copyright registration was not required to bring an infringement action under the Berne Convention for the Protection of Literary and Artistic Works.

she had not yet filed a copyright application.  As the court below recognized, it can be inferred that a sophisticated businessperson like Alnasser would have known she had no basis for a copyright infringement claim in the absence of any registered copyright. (Cf. *People ex rel. Fire Ins. Exchange v. Anapol* (2012) 211 Cal.App.4th 809, 830 [self-serving declaration insufficient to establish party's subjective belief].)  The matter should be decided by a jury.  (*Citizens of Humanity*, *supra*, 63 Cal.App.5th at p. 128 [anti-SLAPP motion should be denied where there are factual conflicts over whether movant proved their defense].)

DISPOSITION

The trial court's order denying Appellants' anti-SLAPP motion to strike Serdy's complaint for malicious prosecution, entered August 24, 2021, is affirmed.  Serdy shall recover her costs on appeal.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Forward Counsel and Stuart W. Price for Defendants and Appellants.

Lyden Law Corporation and Christine C. Lyden for Plaintiff and Respondent.